■ ALFRED R. SANTIAGO et al., Appellants, v ATLANTIC REFINING AND MARKETING CORPORATION, Respondent. [598 NYS2d 405] —Order insofar as appealed from unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff was injured when the spare tire he was inflating exploded at an Atlantic Service Station owned by defendant Atlantic Refining and Marketing Corporation. We conclude that defendant has not established its entitlement to summary judgment. The record reveals that defendant owned the premises where plaintiff was injured and that it required the lessee, David Horbinski, to agree to extensive and detailed "standards of operation" and "safety rules" in operating the premises as an Atlantic Service Station. Defendant also required its lessee to complete a training course offered by defendant, and to submit to defendant's inspection and maintenance of certain equipment on the premises. Under those circumstances we conclude that there are triable issues of fact on the degree of defendant's control and possession of the premises *(McLain v Turi Landfill,* 147 AD2d 620; *Rochette v Town of Newburgh,* 88 AD2d 614). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.